
IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LINDA ARLENE SHELTON                                                                                                PLAINTIFF

vs.                                                       Civil No. 6:13-cv-06119

CAROLYN COLVIN                                                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Linda Arlene Shelton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff's application for DIB was filed on April 8, 2009.  (Tr. 184-187).  Plaintiff alleged she was disabled due to back problems, hip problems, knee problems, shoulder problems, heel spurs, obesity, respiratory problems, and diabetes.  (Tr. 214).  Plaintiff alleged an onset date of February 1, 2009.  (Tr. 17, 214).  This application was denied initially and again upon reconsideration.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

106-108, 112-113). Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted. (Tr. 114-115).

Plaintiff's initial administrative hearing was held on May 13, 2010. (Tr. 55-81). Following this on, September 3, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 87-97). Upon request for review of the ALJ's decision, the Appeals Council remanded the case back to the ALJ for consideration of new and material evidence submitted after the ALJ's September 3, 2010 decision. (Tr. 102-105).

Following this, Plaintiff had a second administrative hearing on May 22, 2012. (Tr. 32-54). Plaintiff was present and was represented by counsel, Sherri McDonough, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Myrtle Johnson testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and obtained a GED. (Tr. 38).

On June 22, 2012, the ALJ entered a partially favorable decision finding Plaintiff disabled beginning May 23, 2011. (Tr. 17-27). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 20, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 1, 2009, her alleged onset date. (Tr. 20, Finding 2). The ALJ found Plaintiff's employment as a CNA since her onset date did rise to the level of SGA. *Id.*

The ALJ also determined Plaintiff had the severe impairments of degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, heel spurs, diabetes mellitus, and obesity. (Tr. 20, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P

2

of Regulations No. 4 ("Listings").  (Tr. 20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-24).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined that prior to May 23, 2011, Plaintiff retained the RFC to perform the full range of light work.  (Tr. 21, Finding 5).  The ALJ also found that beginning May 23, 2011, Plaintiff retained the RFC to perform the full range of sedentary work.  (Tr. 24, Finding 6).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 24-25, Findings 7, 8).  The ALJ found that prior to May 23, 2011, Plaintiff was able to perform her PRW as a personal care technician.  *Id.*  The ALJ also found that beginning on May 23, 2011, Plaintiff was unable to perform her PRW.  *Id.*  The ALJ also determined that since May 23, 2011, there was no other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 26, Finding 12).  Given this, the ALJ determined Plaintiff had been under a disability as defined in the Act beginning May 23, 2011.  (Tr. 26, Finding 13).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision.  (Tr. 7-12). *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-6).  On October 16, 2013, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on October 30, 2013.  ECF No. 7.  Both Parties have filed appeal briefs. ECF Nos. 14, 15.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the RFC determination, (C) in failing to properly consider Plaintiff's complaints of pain, (D) in the weight given the opinions of Plaintiff's physician, and (E) in failing to present a proper hypothetical to the VE. ECF No. 14, Pgs. 8-16. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 15.

**A. Listings**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included degenerative disc disease

of the cervical spine, degenerative disc disease of the lumbar spine, heel spurs, diabetes mellitus, and obesity. (Tr. 20, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 1.04 for disorders of the spine. ECF No. 14, Pgs. 9-12. Defendant argues Plaintiff has failed to establish she meets this Listing. ECF No. 15, Pgs. 5-9.

Plaintiff argues she meets Listing 1.04 for Disorders of the Spine. In order to meet Listing 1.04, Plaintiff must have a disorder of the spine resulting in compromise of a nerve root, with:

   A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss, sensory or reflex loss, and if the lower back is involved, a positive straight-leg raising test; or

   B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every two hours; or

   C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging.

Plaintiff relies on an MRI report from September 15, 2009, which shows Plaintiff had muscle spasm in her back, positive straight leg raises on the left, and normal deep tendon reflexes (Tr. 320). There was no medical evidence, nor did Plaintiff set out any medical evidence, showing Plaintiff suffered from a nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis which resulted in pseudoclaudication as set forth in Listing 1.04. Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and

laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden.

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined that prior to May 23, 2011, Plaintiff retained the RFC to perform the full range of light work. (Tr. 21, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 14, Pgs. 13-14. However, substantial evidence supports the ALJ's RFC

7

determination.

On October 13, 2008, Plaintiff saw Dr. Lawrence Dodd, and complained of continuing pain and weakness from an injury she suffered after a fall in May or June of 2008. (Tr. 265). An MRI of Plaintiff's left shoulder showed no evidence of a full-thickness rotator cuff tear. (Tr. 263, 265).

On July 15, 2009, Plaintiff underwent a General Physical Examination with Dr. Garry Stewart. (Tr. 284-292). Plaintiff had complaints of degenerative disc disease, asthma, type II diabetes mellitus, blurred vision, and knee, foot, and shoulder pain. (Tr. 284). Plaintiff had a normal range of motion in her extremities and cervical spine, reduced range of motion in her lumbar spine, straight leg raises were negative for pain, no muscle weakness or atrophy, and no sensory abnormalities. (Tr. 286, 287). Also, X-rays of Plaintiff's knees and right foot were all within normal limits and an x-ray of her left foot revealed a heel spur and osteophyte. (Tr. 288).

The ALJ also relied upon the RFC Assessment performed by Dr. Alice Davidson on July 30, 2009. (Tr. 295-302). Dr. Davidson determined Plaintiff was able to perform the requirements of the full range of medium work, which is even greater than found by the ALJ. *Id.* On September 9, 2009, Dr. Bill Payne also reviewed the evidence of record and agreed Dr. Davidson's assessment. (Tr. 311-14).

On March 17, 2010, Plaintiff returned to Dr. Dodd, complaining of all over pain, including pain in her both shoulders, hip, knee, ankle, and right elbow. (Tr. 323). Dr. Dodd noted Plaintiff was morbidly obese with no obvious gross deficit in any joint and believed Plaintiff did not have a surgical orthopedic issue. *Id.* There is no record of treatment over the next year.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding that prior to May 23, 2011, Plaintiff was capable of performing light work. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790

(8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 14.  In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*.  ECF No. 15.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 23-24). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff has not required regular treatment for any impairment, and (5) Plaintiff worked one day a week at a twelve hour shift. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be

affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### D. ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of Dr. Richard Gardial in assessing Plaintiff's RFC and gave great weight to the findings of consultative examiner, Dr. Garry Stewart. ECF No. 14, Pgs. 10-12. However, Plaintiff's argument is without merit.

The ALJ did not give Dr. Stewart's findings more weight in relation to Dr. Gardial's findings, nor did he discredit the finding of Dr. Gardial. (Tr. 22-23). Instead, the ALJ considered the medical opinions of both Dr. Gardial and Dr. Stewart, and properly accommodated Dr. Gardial's findings in his RFC assessment by limiting Plaintiff to light work instead of medium or heavy work. (Tr. 22-23).

The ALJ committed no error in his treatment of medical opinions from Plaintiff's physician.

### **E. Step 5 Determination**

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found that beginning May 23, 2011, Plaintiff retained the RFC to perform the full range of sedentary work. (Tr. 24, Finding 6). In response to a hypothetical question containing these

limitations, the VE testified that prior to May 23, 2011, Plaintiff was able to perform her PRW as a personal care technician. (Tr. 47-48). Relying on the VE testimony, the ALJ found that prior to May 23, 2011, Plaintiff was not under a disability as defined by the Act. (Tr. 27). Plaintiff argues that because the ALJ's hypothetical question was based upon the RFC finding, the hypothetical question was defective and unsupported by the evidence because it did not contain all of his limitations. ECF No. 14, Pg. 14-15.

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated Plaintiff was able to perform her PRW as a personal care technician. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **8th day of October 2014.**

/s/  Barry A. Bryant  
HON. BARRY A. BRYANT  
U. S. MAGISTRATE JUDGE

13